UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE SANCHEZ GUILLEN,<br><br>                Plaintiff,<br><br>        v.<br><br>ROBERT L. HERZOG and TIMOTHY THRASHER,<br><br>                Defendants. | No. 4:16-CV-5092-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Defendants' Motion for Summary Judgment, ECF No. 36. Defendants request that summary judgment be granted in their favor and that Plaintiff's claims be dismissed with prejudice. Plaintiff objects and requests that the Court deny the summary judgment motion and allow his case to proceed to trial. ECF No. 41. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants Defendants' Motion for Summary Judgment.

//

//

//

//

//

ORDER - 1

## I. FACTS[1]

Plaintiff is an inmate at the Washington State Penitentiary. The parties agree that Plaintiff has been in Intensive Management Unit (IMU) custody since 2009 based on Plaintiff's assault of another inmate. At the time of the assault, Plaintiff was a member of the La FUMA prison gang. *See* ECF No. 39-1. The victim of the assault was recognized as the leader of the Paisa prison gang. ECF No. 39 at 3.

Plaintiff claims that his continued placement in the IMU violates his Eighth and Fourteenth Amendment rights. Plaintiff has completed all of his Behavior Plan requirements and been infraction free since 2009. *See*, e.g., ECF Nos. 23 at 2, 22-1 at 8. Plaintiff also argues that he is no longer a member of the La FUMA gang. ECF No. 13 at 2.

Defendants have conducted periodic reviews of Plaintiff's status pursuant to Washington Department of Corrections regulations. *See* ECF No. 22-1; *see also* ECF No. 38-1. At those reviews, Defendants have repeatedly found that continued IMU placement is justified. ECF No. 22-1. Defendants represent that Plaintiff will be at risk of retaliation by Paisa gang members if he is released to general

---

[1] Along with their motion, Defendants submitted a statement of facts. ECF No. 37. Plaintiff did not submit a separate statement of facts, but he did include the basic factual background underlying his claims both in his response, ECF No. 41, and in other filings, *see* ECF Nos. 14, 19 & 23, and the Court considers those filings in adjudicating Defendants' motion. When considering this motion and creating this factual section, the Court (1) believed the undisputed facts and the non-moving party's evidence, (2) drew all justifiable inferences in the non-moving party's favor, (3) did not weigh the evidence or assess credibility, and (4) did not accept assertions made by the non-moving party that were flatly contradicted by the record. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

ORDER - 2

population and that his release could inspire increased violence by La FUMA members because Plaintiff has become a "folk hero" in the La FUMA gang. ECF No. 39 at 4. Because it is Defendants' opinion that Plaintiff will not be able to be released to general population in the Washington prison system, Defendants have attempted to transfer Plaintiff to an out-of-state facility. *See* ECF No. 38 at 3. Plaintiff has resisted those attempts by writing to the out-of-state facilities and encouraging them not to accept him. ECF No. 38-2.

## II. **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must point to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In addition, when the non-moving party is pro se, the Court must consider all "contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the pro se party] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). If the non-moving party fails to show a genuine dispute of material fact as to elements essential to its case for which it bears the burden of proof, such that the moving party is entitled to judgment as a matter of law, the trial court must grant the summary judgment motion. *Celotex Corp.*, 477 U.S. at 322.

**III. DISCUSSION**

Section 1983 requires a plaintiff to prove (1) a person acting under color of state law committed an act that (2) deprived the plaintiff of a federally-protected right. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Id.* at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (alteration in original)(internal quotation marks omitted). Plaintiff alleges that Defendants, acting under color of state law in their positions as prison officials, deprived him of his rights under both the Eighth and Fourteenth Amendments.

**A.  Fourteenth Amendment**

To state a claim under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiff must establish that he suffered (1) deprivation of a liberty interest, and (2) due process was not provided. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). In the administrative segregation context, a federal liberty interest exists only if the administrative segregation was an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). This doctrine reflects the realities that individuals are stripped of most privileges and rights when they are lawfully incarcerated and prison officials must have wide discretion to safely and efficiently

ORDER - 4

manage a prison. *Id.* at 485; *Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974).

To determine whether the prison official's action constituted an "atypical and significant hardship on the inmate," courts consider the conditions of segregation and its duration. *Sandin*, 515 U.S. at 494; *see also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978). In *Sandin*, a 30-day term of segregation was insufficient to require due process protection. *Sandin*, 515 U.S. at 486. The Second Circuit has determined that when placement in segregated housing is longer than 305 days the placement constitutes "a sufficient departure from the ordinary incidents of prison life to require procedural due process protections under *Sandin*." *Palmer v. Richards*, 364 F.3d 60, 65 (2d Cir. 2004) (internal quotation marks omitted). The Ninth Circuit has also held that a Fourteenth Amendment liberty interest may be created when inmates are deprived of periodic meaningful reviews of whether continued segregation is appropriate because such a deprivation makes segregation atypical. *Brown v. Oregon Dep't of Corrs.*, 751 F.3d 983, 988 (9th Cir. 2014).

The Supreme Court has indicated that, when there is a liberty interest sufficient to implicate the Due Process Clause, "some sort of periodic review" of confinement in segregated housing is necessary to satisfy due process. *Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983), *rejected on other grounds by Sandin*, 515 U.S. 472; *see also Wilkinson v. Austin*, 545 U.S. 209 (2005) (upholding Ohio's system for placing inmates in high security, restrictive facilities, which includes annual reviews of inmate status). The Court has noted that this

ORDER - 5

periodic review does not necessarily require new evidence or statements, and continued placement in segregated housing may be based on "facts relating to a particular prisoner" and "the officials' general knowledge of prison conditions and tensions." *Id. T*he Ninth Circuit has further explained, however, that a prisoner's due process rights will not be satisfied by "meaningless gestures." *Toussaint v. McCarthy*, 801 F.2d 1080, 1102 (9th Cir. 1986), *abrogated on other grounds by Sandin*, 515 U.S. 472.

Here, the Court finds that Plaintiff's due process rights are implicated by his nearly eight-year confinement in the IMU, but that due process has been satisfied in this case. The parties agree that Plaintiff's placement in IMU has been reviewed periodically. Plaintiff suggests that these reviews are meaningless because the committee continues to rely on the assault he committed in 2009 to justify Plaintiff's placement in the IMU, despite the fact that Plaintiff has received no infractions since that time, has consistently completed the requirements for his behavior plan, and asserts that he is no longer a gang member.

Defendants explain that, while the committee continues to rely on the 2009 assault to justify Plaintiff's placement in the IMU, that reliance is due to the fact that the assault continues to be relevant to security concerns related to the Paisa and La FUMA gangs. Defendants note that Paisa gang members continue to cite the assault as a reason why they will not negotiate with La FUMA, *see* ECF No. 39 at 3, and La FUMA members regard Plaintiff as a "folk hero" due to the assault, ECF No. 39 at 4. Accordingly, Defendants represent that it is

ORDER - 6

necessary to maintain Plaintiff in the IMU because he would be at risk for attack by Paisa gang members if he were released to general population and his release may also provoke or inspire violence by La FUMA members. ECF No. 39 at 4.

Although there is an issue of fact as to whether Plaintiff is an active gang member and whether Plaintiff would either be at risk or would himself present a security threat if release to general population, the Court finds that these issues of fact are not material. Defendants have afforded Plaintiff his due process rights by conducting meaningful reviews of Plaintiff's IMU placement on a regular basis. There is no indication that Defendants have conducted these reviews in bad faith. Accordingly, the Court finds that there are no disputes of material fact regarding Plaintiff's Fourteenth Amendment claim. Defendants are entitled to judgment as a matter of law.

**B.  Eighth Amendment**

To prove an Eighth Amendment claim, a plaintiff must first establish that the alleged deprivation is "sufficiently serious," meaning that the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). For a case regarding failure to prevent harm in the prison environment, a plaintiff must demonstrate "that he is incarcerated under conditions posing a substantial risk of harm." *Id.* A plaintiff must also establish that the prison official was deliberately indifferent to his health or safety. *Id.* To prove this

element, a plaintiff must show that defendants knew of and disregarded an excessive risk to inmate health or safety. *Id.* at 837.

Placement in solitary confinement is generally insufficient to support an Eighth Amendment claim. *See Toussaint v. Yockey*, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984) ("Even an indeterminate sentence to punitive isolation does not without more constitute cruel and unusual punishment."). Still, in addressing the prevalence of solitary confinement in prisons, Supreme Court Justice Kennedy has recognized that "[y]ears on end of near-total isolation exact a terrible price." *Davis v. Ayala*, 135 S. Ct. 2187, 2210 (2015) (Kennedy, J., concurring) (citing Grassian, *Psychiatric Effects of Solitary Confinement*, 22 Wash. U.J.L. & Pol'y 325 (2006) (common side-effects of solitary confinement include anxiety, panic, withdrawal, hallucinations, self-mutilation, and suicidal thoughts and behaviors)).

In this case, Plaintiff has produced no evidence that Defendants have acted with deliberate indifference. As discussed above, Defendants have conducted meaningful reviews of Plaintiff's placement in the IMU. In addition, Defendants indicate that one reason justifying Plaintiff's continued placement in IMU is the risk of harm to Plaintiff by Paisa gang members if Plaintiff were released into general population. Thus, rather than being indifferent to a risk to Plaintiff's health or safety, it appears that Defendants have placed Plaintiff in the IMU in part to avoid a substantial risk to Plaintiff's safety. This weighing of risks to Plaintiff from continued placement in the IMU against risks to Plaintiff if he were placed in general population is a proper function for prison administrators,

ORDER - 8

rather than the Court. *See Griffin v. Gomez*, 741 F.3d 10, 20–21 (9th Cir. 2014). Because Plaintiff cannot establish deliberate indifference on the part of Defendants, his Eighth Amendment claim fails.

In addition, Plaintiff has failed to produce evidence that he is incarcerated under conditions posing a substantial risk of harm. While Plaintiff has noted that he is concerned about the psychological effects of solitary confinement, *see, e.g.*, ECF No. 23 at 4, and the Court is aware of research suggesting negative psychological effects due to solitary confinement, Plaintiff has not presented evidence that he is currently suffering any psychological effects or that he is likely to suffer such effects.

Accordingly, the Court finds that there are no disputes of material fact and Defendants are entitled to judgment as a matter of law regarding Plaintiff's Eighth Amendment claims.

**C.     Qualified Immunity**

Defendants also argue that, even if their actions did violate Plaintiff's rights, they are entitled to qualified immunity. A state officer is entitled to qualified immunity and thereby protected from § 1983 liability if he shows his "conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A state officer is not protected by qualified immunity if his conduct does violate a clearly established constitutional right. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."

*Phillips v. Hust*, 588 F.3d 652, 657 (9th Cir. 2009) (quoting *Saucier v. Katz,* 533 U.S. 194, 202 (2001)). "[I]f the defendants' conduct is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts' that the action was unconstitutional, closely analogous pre-existing case law is not required to show that the law is clearly established." *Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir. 1994). Although the official's subjective intent is irrelevant, *Anderson v. Creighton,* 483 U.S. 635, 641 (1987), the information actually possessed by the officer is relevant to this determination. *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (per curiam).

As explained above, case law indicates that solitary confinement, alone, does not violate the Eighth Amendment. *Toussaint*, 722 F.2d at 1494 n.6. Thus, Defendants are entitled to qualified immunity regarding Plaintiff's Eighth Amendment claim because it is based on Plaintiff' claim that continued solitary confinement, by itself, violates his Eighth Amendment rights.

In addition, Supreme Court and Ninth Circuit law make clear that solitary confinement is not a violation of Fourteenth Amendment due process rights as long as the inmate is given meaningful, periodic reviews. *Hewitt*, 459 U.S. at 477 n.9; *Brown*, 751 F.3d at 988. Because Defendants provided meaningful, periodic reviews of Plaintiff's status, their conduct did not clearly violate an established constitutional right. Even if this Court or an appellate Court were to find that the reviews of Plaintiff's status were deficient in some way, Defendants would be entitled to qualified immunity because it is

ORDER - 10

not clear under the law precisely what is required for an adequate review and there is no reason under current law to believe that Defendants' review was inadequate. There is no indication that Defendants acted in bad faith or otherwise attempted to deny Plaintiff the meaningful review required under the law. Accordingly, the Court finds that Defendants are entitled to qualified immunity in this matter.

### IV. CONCLUSION

As reflected in the analysis above, the Court finds that there are no genuine issues of material fact related to Plaintiff's claims and that Defendants are entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Motion for Summary Judgment, **ECF No. 36**, is **GRANTED.**
2. Plaintiff's claims are **DISMISSED WITH PREJUDICE.**
3. **JUDGMENT** shall be entered in favor of Defendants.
4. This case shall be **CLOSED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment in favor of Defendants, and provide copies to Plaintiff and all counsel.

**DATED** this ___23rd___ day of August 2017.

                      s/Edward F. Shea
                      EDWARD F. SHEA
        Senior United States District Judge